**FILED**
**Jul 17, 2019**
**03:47 PM(ET)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| SAID OMAR JEMENEZ MURILLO, | ) | Docket Nos. 2018-03-1082A<br>2018-03-1082B |
| v. | ) | |
| LEONARD SAMS AND ASSOCIATES, | ) | State File Nos. 9706-2016<br>81428-2018 |
| and | ) | |
| ALEXANDER CALIX GARCIA d/b/a GARCIA REMODELING. | ) | Judge Pamela B. Johnson |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This case came before the Court for an Expedited Hearing on June 26, 2019.[1]  Mr. Murillo requested payment of medical bills he incurred after he fell from a platform, sustaining significant injuries.  He also requested temporary disability benefits.  Mr. Sams and Mr. Garcia, who did not carry workers' compensation insurance at the time of the incident, asserted Mr. Murillo was an independent contractor and not one of their employees.  For the reasons below, the Court holds Mr. Murillo failed to demonstrate that he was likely to prevail at a hearing on the merits that he is entitled to the requested benefits.

### History of Claim

On July 30, 2018, Mr. Murillo, a construction laborer, fell thirty to forty feet from a platform while hanging siding.  Juan Carlos Zuniga Chau, a co-laborer and eyewitness, drove Mr. Murillo from the scene to a nearby church where an ambulance was called.  The ambulance initially transported Mr. Murillo to LeConte Medical Center.  However, due to the severity of his injuries, he was then taken by helicopter to the University of Tennessee Medical Center (UTMC), where he remained hospitalized for three days.  At UTMC, he was diagnosed with multiple rib fractures, a right pulmonary contusion, multi-level thoracic spine fractures, a right arm fracture, a right pneumothorax, lacerations to

---

[1] Two certified court interpreters provided services at the Expedited Hearing for Mr. Murillo, Mr. Garcia, Mr. Garcia's wife, and co-laborer and eyewitness, Juan Carlos Zuniga Chau.

his scalp and right elbow, and bruising. Following the incident, Mr. Murillo incurred medical bills and worked only sporadically.

Mr. Murillo filed two Petitions for Benefit Determination against Mr. Sams and Mr. Garcia claiming one or both were responsible for payment of workers' compensation benefits. Neither Mr. Sams nor Mr. Garcia had workers' compensation insurance on the date of the incident. Because Mr. Murillo's claims against Mr. Sams and Mr. Garcia involved common questions of law and fact, the Court consolidated them under Tennessee Rules of Civil Procedure 42.01.

Mr. Murillo testified regarding his employment relationship with Mr. Sams and Mr. Garcia. He stated that Daniel Pauada contacted him and asked him to work for Mr. Garcia on a home for which Mr. Sams held the permit. Regarding payment, Mr. Murillo testified that Mr. Garcia paid Dario Antunez, who paid Daniel, who then paid Mr. Murillo in cash.[2] He indicated Daniel paid him $16 per hour and later paid him $300 following the incident. Mr. Murillo believed Mr. Garcia was a supervisor because Mr. Garcia once told Mr. Murillo and Juan Carlos that they were doing a good job when Mr. Garcia visited the job site.

In contrast, both Mr. Sams and Mr. Garcia denied hiring Mr. Murillo. Although Mr. Sams offered no testimony on his own behalf, Mr. Garcia testified he hired Dario to install the siding. Mr. Garcia paid Dario a lump sum by check for the job, not at an hourly rate. He specifically denied hiring or paying Mr. Murillo, stating Dario subcontracted with Daniel and others to complete the job. He confirmed that Dario had authority to hire others to perform the work. On cross-examination, Mr. Garcia admitted he went to the jobsite and saw Mr. Murillo and Juan Carlos working, but he stated that Mr. Murillo misunderstood when he said the work was good.[3]

According to the Expedited Request for Investigation Report, Mr. Sams acknowledged he subcontracted the siding job to Mr. Garcia.[4] Similarly, Mr. Murillo confirmed he worked for Dario and Daniel, both of whom he believed worked for Mr. Garcia. Mr. Murillo indicated he earned $16.00 per hour, paid weekly. Additionally, he was scheduled to work from 8 a.m. until 6 p.m. and was provided the tools and

---

[2] For ease of reference and with all due respect, the Court will refer to these individuals by their first names only in order to use the names by which these individuals were known to the parties.

[3] The parties offered no testimony indicating what the materials were, by whom the materials were provided, by whom the materials were used, and for what job the materials were intended.

[4] Mr. Sams objected to the introduction of the report on grounds of hearsay and authentication, and the Court took the objection under advisement. The Court overrules the objection and finds the report admissible under Tennessee Rules of Evidence 902(11) (2018).

equipment to perform the work. Further, he did not control the conduct of the work, did not have the right of termination, and could not hire helpers.

## Findings of Fact and Conclusions of Law

To recover workers' compensation benefits, Mr. Murillo must show his injuries arose primarily out of and in the course and scope of his employment with Mr. Sams or Mr. Garcia. He must present sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The Workers' Compensation Law requires any person or entity engaged in the construction industry to carry workers' compensation insurance on themselves. Tenn. Code Ann. § 50-6-902(a). These individuals or entities are called construction services providers. Tenn. Code Ann. § 50-6-901(5). Construction services providers are required to carry workers' compensation insurance regardless of whether the construction services provider employs fewer than five employees. Tenn. Code Ann. § 50-6-902(a).

Additionally, a general contractor, intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of the subcontractors of the general contractor, intermediate contractor, or subcontractor and engaged upon the subject matter of the contract to the same extent as the immediate employer. *See* Tenn. Code Ann. § 50-6-914(a). This applies in cases where the injury occurred on, in, or about the premises on which the general contractor has undertaken to execute work or that are otherwise under the general contractor's control or management. Tenn. Code Ann. § 50-6-914(e). However, the injured employee must first present the claim for compensation against the immediate employer. Tenn. Code Ann. § 50-6-914(d). *See* Tenn. Code Ann. §50-6-914(a).

Therefore, to recover compensation from a general contractor, intermediate contractor, or subcontractor, Mr. Murillo must first come forward with sufficient proof that an employee-employment relationship existed. The Workers' Compensation Law sets forth factors the Court must consider in determining whether an employment relationship exists. The factors include the right to control the conduct of the work, the right of termination, the method of payment, the freedom to select and hire helpers, the furnishing of tools and equipment, self-scheduling of working hours, and the freedom to offer services to other entities. Tenn. Code Ann. § 50-6-102(12)(D)(i) (2018).

Because no single factor is determinative, the Court "must examine all relevant factors and circumstances of the relationship." *Peters v. Mitchell d/b/a A Clean Connection, LLC*, 2016 TN Wrk. Comp. App. Bd. LEXIS 7, at *8-9 (Feb. 8, 2016). However, "the right to control the conduct of the work has been characterized as the *most*

3

*significant* in determining whether an injured worker is an employee or independent contractor." *Id*. at *9 (emphasis added).

In this case, Mr. Murillo failed to show that Mr. Sams or Mr. Garcia: controlled the conduct of the siding job, hired him or had the right to terminate him, supplied the tools and equipment, or paid him. However, the limited record before the Court suggested Mr. Murillo did not have the freedom to select and hire helpers or self-schedule his working hours. Considering the record as a whole, the Court cannot find that these factors are sufficient to show an employment relationship existed between Mr. Murillo and Mr. Sams or Mr. Garcia. Thus, the Court cannot find that Murillo came forward with sufficient evidence demonstrating that he is likely to prevail at a hearing on the merits that he was Mr. Sams's or Mr. Garcia's employee.

The Court finds Mr. Murillo credible and does not question that he suffered significant injuries from his fall. However, Mr. Murillo must come forward with more. It is not enough that he showed he was seriously injured while working. He must demonstrate that he was an employee when he was injured and for whom he was employed. The limited evidence before the Court fails to show who controlled the work, who had the right of termination, who had the freedom to select and hire helpers, who furnished the tools and equipment, and who scheduled Mr. Murillo's hours. Similarly, the Court is without sufficient information to determine whether the parties worked together on a residential property or a commercial property. Finally, the Court cannot determine the parties' status as general contractor, intermediate contractor, or subcontractor based on the information available to the Court at this time. For these reasons, and at this time, the Court cannot find that Mr. Murillo came forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Murillo's claims against Mr. Sams and Mr. Garcia for the requested benefits are denied at this time.

2. This case is set for a Scheduling Hearing on **October 31, 2019**, at **9:30 a.m. Eastern Time**. The parties must call (toll-free) 855-543-5041 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without the party's participation.

**ENTERED July 17, 2019.**

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Technical Record:

1. Petition for Benefit Determination, Docket No. 2018-03-1082A
2. Petition for Benefit Determination, Docket No. 2018-03-1082B
3. Dispute Certification Notice, Docket No. 2018-03-1082B
4. Dispute Certification Notice, Docket No. 2018-03-1082A
5. Employee Notice of Filing - Medical Records of University of Tennessee Medical Center
6. Show Cause Order, Docket No. 2018-03-1082B
7. Docketing Notice of Show Cause Hearing, Docket No. 2018-03-1082B
8. Show Cause Order, Docket No. 2018-03-1082A
9. Docketing Notice of Show Cause Hearing, Docket No. 2018-03-1082A
10. Motion to Withdraw as Counsel
11. Affidavit of Attorney George Garrison
12. Order Setting Deadline to File Request for Hearing, Docket No. 2018-03-1082B
13. Order Granting Motion to Withdraw as Counsel
14. Order Setting Deadline to File Request for Hearing, Docket No. 2018-03-1082A
15. Request for Expedited Hearing, Docket No. 2018-03-1082B
16. Request for Expedited Hearing, Docket No. 2018-03-1082A (attachments same as attachments to Docket No. 2018-03-1082B, therefore, not attached)
17. Docketing Notice of Expedited Hearing, Docket No. 2018-03-1082B
18. Order of Consolidation
19. Docketing Notice of Expedited Hearing, Docket No. 2018-03-1082A
20. Petition for Benefit Determination, Translated June 7, 2019

Exhibits:

1. Marked for Identification Only: Affidavit of Said Omar Jemenez Murillo
2. Marked for Identification Only: Affidavit of Juan Carlos
3. Marked for Identification Only: Handwritten Statement
4. Expedited Request for Investigation Report
5. Gatlinburg Police Department Incident Report
6. Medical Records of University of Tennessee Medical Center
7. Marked for Identification Only: Medical Expenses
8. Paycheck stubs

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on July 17, 2019.

| Name | Certified Mail | US Mail | Email | Service sent to: |
|---|---|---|---|---|
| Said Omar Jemenez Murillo, Self-Represented Litigant | X | X | | 4158 Old Webb Creek Road Gatlinburg, TN 37738 |
| Jedidah C. McKeehan, John D. Haines, Leonard Sams' Attorneys | | | X | jmckeehan@tcflattorneys.com jhaines@tcflattorneys.com |
| Alexander Calix Garcia, Self-Represented Litigant | X | X | | 8734 Gleason Drive Knoxville, TN 37923 |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

6



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐  Temporary disability benefits
☐  Medical benefits for current injury
☐  Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the _____ day of _____, 20___

[Signature of appellant or attorney for appellant]     _____

LB-1099    rev. 10/18                     Page 2 of 2                     RDA  11082



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries          $ _____ per month     Telephone        $ _____ per month

Electricity        $ _____ per month     School Supplies $ _____ per month

Water              $ _____ per month     Clothing         $ _____ per month

Gas                $ _____ per month     Child Care       $ _____ per month

Transportation  $ _____ per month        Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____          (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____          (FMV) _____

Other                 $ _____          Describe:_____

11. My debts are:

Amount Owed                      To Whom

_____               _____

_____               _____

_____               _____

_____               _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*